# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 189N

IN THE MATTER OF  K.W.,

        Youth in Need of Care.

DA 06-0747

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE MATTER OF H.W.,

        Youth in Need of Care.

DA 07-0093

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE MATTER OF H.W.,

        Youth in Need of Care.

DA 07-0094

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause Nos. DN 05-038.1, -038.2, -038.3
Honorable David Rice, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Randy H. Randolph, Attorney at Law, Havre, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

        Cyndee L. Peterson, County Attorney; Gina Bishop, Deputy
County Attorney, Havre, Montana

Submitted on Briefs:  July 18, 2007

Decided:  August 7, 2007

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The Montana Department of Public Health and Human Services (Department) became involved with S.W. and her children, K.W., H.W., and H.W., in January 2005 after S.W. attempted suicide. While working with S.W. and her ongoing mental health issues, the Department became concerned when they observed that S.W. chose inappropriate caregivers for the children and made poor relationship choices. S.W. entered into a voluntary protective service agreement for a couple of months with the Department. After the agreement expired, S.W. informed the Department she still needed help, and in July of 2005, she allowed the Department to place her children into foster care. S.W. quit taking her prescribed medications and subsequently checked herself into a mental health center. Because the children could not be returned to her care, and the Department was not able to accept another agreement for foster care, the Department filed a petition for temporary legal custody and adjudication as youths in need of care.

¶3 K.W., H.W., and H.W. were adjudicated youths in need of care on September 13, 2005. S.W. agreed that the facts alleged in the petition for adjudication and temporary

legal custody were true and waived a hearing on the petition. At that time, S.W. entered into a treatment plan with the Department, which was approved by the court. According to the treatment plan, S.W. had to complete numerous tasks to address safety, permanency, and well-being issues. S.W. did not fully comply with the plan in several respects, even after temporary legal custody was extended for six months.

¶4 In August of 2006, the Department filed a petition to terminate S.W.'s parental rights. At a hearing on September 21, 2006, S.W. requested a continuance in order to have more time to comply with the agreement. The District Court denied the continuance and held the hearing. The social worker and S.W.'s mental health case manager both testified that S.W.'s patterns of behavior were not likely to change in any reasonable amount of time. The District Court terminated S.W.'s parental rights and issued findings of fact and conclusions of law in support of its decision. S.W. appeals.

¶5 This Court reviews a district court's decision to terminate parental rights to determine whether the district court abused its discretion. *In re D.B.*, 2004 MT 371, ¶ 29, 325 Mont. 13, ¶ 29, 103 P.3d 1026, ¶ 29. We review findings of fact supporting the termination to determine whether they are clearly erroneous, and we review conclusions of law to determine whether they are correct. *In re D.B.*, ¶ 30. A district court's ruling on a motion for a continuance is discretionary, which we review for abuse of discretion. *In re Mental Health of T.M.*, 2004 MT 221, ¶ 7, 322 Mont. 394, ¶ 7, 96 P.3d 1147, ¶ 7. Here, in its decision to terminate S.W.'s parental rights, the District Court applied the appropriate law and made findings of fact which were supported by substantial evidence.

3

The court did not abuse its discretion in terminating S.W.'s parental rights or in denying her motion to continue the hearing on the termination.

¶6     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶7     We affirm the judgment of the District Court.


                                                    /S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS